Hyatt, J.
The complaint alleges and the answers admit the following facts:
On September 25, 1886, Mr. Wallack made and delivered to Mr. Moss a promissory note for $1,500, due December twenty-eighth.
Mr. Moss indorsed the note and delivered it to the plaintiff for a valuable consideration.
On December twenty-eighth the note was protested for non-payment. The complaint also alleges, but the answers do not admit, that no part of the note has been paid. The undisputed evidence, however, was, that it had not been paid.
The answers present six affirmative defenses :
1. That the defendants in September, 1886, entered into negotiations for the purchase of the play “ Sister Mary,” to which play the said defendants acquired title upon an agreement to pay the plaintiff therefor five per centum of the first $4,000, and ten per centum on all sums above a minimum sum of $5,000, realized from the production or representation therefrom; that the note was given as evidence of the fulfillment of such agreement.
. That thereafter, and subsequent to the delivery of said note, in consequence of a disagreement having arisen with regard to the extent of the right of purchase of said play, such negotiations were abandoned and said contract rescinded and abrogated, and said note thereby became void and of no obligation and canceled.
The first defense is, therefore, that the contract referred to was rescinded after the delivery of the note.
2. That the manuscript of said play was returned to said plaintiff upon the agreement and understanding that upon the return of such manuscript and the surrender of any and all rights the defendants might claim thereunder, the said contract should be canceled and annulled and said note returned to the defendants.
The second defense is, therefore, that the note was canceled by special agreement.
3. That the note was given as an advance for royalties, contingent upon the performance and production of said play of “Sister Mary” at Wallack’s Theatre; that no such production or performance of such play was ever had, and that, therefore, the consideration for the note failed.
*161 The other matters of special defense set up by an answer do not require consideration, as the proof of the defendants was directed mainly to the establishment of the above defenses.
I am of the opinion that the proof sustains the affirmative allegations of the defense. The plaintiff himself sufficiently presents such evidence. He testifies that the note in suit was given “for advance royalties on account of a purchase of ‘ Sister Mary.’ ”
The defendants’ exhibit “B” was the plaintiff’s letter to the defendant Moss, dated September 27th, 1886, in which communication the plaintiff says:
‘ ‘ Yours enclosing note for $1,500 received. I accept note as promised payment ^|c royalty for the first run at Wallack’s Theatre in the city of New York only.” And after recapitulating the terms of such royalty, concludes, “If this is not satisfactory I will gladly return note to-day, and we will consider the matter off.”
The plaintiff testified that the play of “Sister Mary” was never produced at Wallack’s Theatre, and that he never inew of its having been rehearsed for production.
The manuscript of such play was returned by the defendant Wallack to the plaintiff; it was retained by him and was in his possession at the time he gave his testimony.
The plaintiff further testified that he sold the play of “ Sister Mary,” and could not say whether it had been performed in this country or not.
It also appears in the testimony of the plaintiff that while the parties were disputing as to the terms of the agreement a new proposition was made, that the defendant should produce at Wallack’s Theatre a play entitled “ Harbour Lights.”
I am satisfied, after a careful review of all the evidence, that the agreement for the production of “Harbour Lights” was based upon a cancellation and abrogation of the former agreement to produce “ Sister Mary,” and that, as an incident of such cancellation, the plaintiff promised to redeliver the note in suit to the defendants, which should thereafter import no liability to the defendants for its payment.
The defendant Wallack testified as follows: “Mr. French distinctly told me that if I would produce “Harbour Lights ” it would be a whole run through the season, and a little fortune for me and for him, and he proposed to me distinctly and decidedly to throw “ Sister Mary ” entirely aside and produce “Harbour Lights.”
Moss testified that in a conversation referred to by the plaintiff in his testimony, as having taken place on Sixth *162 avenue, the plaintiff said, “I want $1,500 in advance.” Witness replied, “I can’t give it to you; I decline to give it to you; I will give you a note that will come out of the royalties.” This proposition the plaintiff accepted.
The witness further explained that by the term, “advanced royalties,” was meant a percentage of any proceeds of the performance of a play, when the play is produced and performed. “We give the note in anticipation of having money to meet it out of the royalties and its payment was to be from out of the royalties of the play and from no other source.”
French writes to Moss, September 27, 1886: “I accept, note as promised payment, account of royalty for the first run at Wallack’s Theatre.”
The witness further testified: “ Mr. French said to me, I am very anxious to get ‘Harbour Lights’ produced; it made an enormous success in Boston, and if Mr. Wallack wilt produce that, you can throw ‘Sister Mary’ one side; I will let you off, you need not take it.”
After these conversations the witness sent the manuscript of “ Sister Mary,” back to the plaintiff, which was by him retained.
Upon the evidence presented I am of the opinion that the making and delivery of the note in suit was an incident of the agreement to produce the play of “Sister Mary,” the performances of which were to create the fund out of which the note alone was to be paid, and that there being no such performances and no such fund, the defendants are not liable for the payment of the note, and that, inasmuch as the consideration for the note failed, there can be no recovery thereon.
The agreement to perform Harbor Lights ”in place of “Sister Mary,” was a sufficient consideration for the cancellation of the agreement to perform the latter play, and the re-delivery and annulment of the note Sued npon.
The case comes peculiarly within the opinion of the court of appeals, in Benton v. Martin (52 N. Y., 570.)
“An instrument, not under seal, may be delivered upon conditions, the observance of which as between the parties is essential to its validity, and the effect of the delivery and the extent of the operation of the instrument, may be limited by the conditions upon which the delivery was made, and this is so as between the parties to it, or those having notice, although the instrument be negotiable.”
It follows that the judgment herein must be for the defendant.